ASOCIACIÓN DE EMPLEADOS DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandante y peticionaria, *v.* NYDIA GUILLÉN DE SANTIAGO, demandada y recurrida.

*Número:* O-85-72    *Resuelto:* 23 de mayo de 1985

426

*Ana L. Torres Lupiáñez,* abogada de los peticionarios; *Jaime E. Morales Morales,* abogado de la parte recurrida.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Este caso plantea aspectos noveles en esta jurisdicción sobre la prescripción extintiva de cinco años.

El 5 de diciembre de 1968, mientras trabajaba para la Universidad de Puerto Rico, la señora Santiago hizo un préstamo con la Asociación de Empleados del Estado Libre Asociado por la suma de mil quinientos dólares al seis por ciento anual de interés. El préstamo era pagadero en plazos mensuales de principal e intereses a descontarse automáticamente del sueldo percibido en la Universidad.

La señora Santiago renunció a su empleo en noviembre de 1969 y cesó de hacer pagos al préstamo. Cerca de diez años más tarde la Asociación le requirió la satisfacción del balance adeudado. El Tribunal de Distrito la condenó al pago de $1,288.52 que la señora Santiago adeudaba por concepto de principal, más intereses, costas y honorarios de abogado. El Tribunal Superior revocó la sentencia por entender que el plazo quinquenal era aplicable y que la acción estaba prescrita.

El Art. 1866 de nuestro Código Civil, 31 L.P.R.A. sec. 5296 dispone:

> Por el transcurso de cinco años prescriben las acciones para exigir el cumplimiento de las obligaciones siguientes:
> 1. La de pagar pensiones alimenticias.
> 2. La de satisfacer el precio de los arriendos, sean éstos de fincas rústicas o de fincas urbanas.
> 3. La de cualesquiera otros pagos que deban hacerse por años o en plazos más breves.

Esta disposición es idéntica al Art. 1.966 del Código Civil español, el que se inspiró a su vez en el Art. 2277 del Código Civil francés. ([1])

---

([1]) Para la historia anterior de estos textos, véanse: *Lozada Torres* v. *Collazo*, 111 D.P.R. 702 (1981); M. Troplong, *Droit Civil Expliqué—De la Prescription*, 4ta ed., París, Ed. C. Hingray, 1857, pág. 569 *et seq.* Adverti-

█ En *Lozada Torres* v. *Collazo*, 111 D.P.R. 702 (1981), consideramos el segundo apartado del artículo transcrito y resolvimos que la prescripción extintiva de cinco años se aplica al arrendamiento de bienes muebles y que puede invocarse, al menos en el caso de arriendos por términos breves —se trataba allí de nueve días— aun cuando no medie la condición de pagos periódicos. En el caso presente el apartado a interpretar es el tercero y la pregunta a formularse, a la inversa de *Lozada Torres* v. *Collazo*, supra, es si toda prestación periódica está necesariamente sujeta al plazo quinquenal.

Existe división en la doctrina sobre este particular. Díez-Picazo, por ejemplo, estima que la prescripción del quinquenio se aplica tanto a las prestaciones principales como a las accesorias cuando son pagaderas en plazos anuales o menores. L. Díez-Picazo, *La prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, págs. 191–192. Puig Brutau expresa que tal es la doctrina, aunque señala su discutibilidad. "La doctrina incluye dentro de esta disposición", expresa, refiriéndose al apartado tercero del artículo que nos ocupa, "los pagos fraccionados o aplazados de una obligación principal (si bien ello es discutible). . .". J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1979, T. 1, Vol. I, Parte 2, pág. 887.

█ Las autoridades en contrario son abundantes. Uno de los más antiguos comentaristas del Código Civil francés explica por qué la periodicidad en los pagos no activa en todo caso la prescripción quinquenal. Según Troplong, el tercer apartado que hemos venido discutiendo utiliza un lenguaje oscuro. A primera vista parece que todo género de obligaciones pagaderas en plazos no menores de un año están sujetas a la prescripción quinquenal. Mas la disposición, a su juicio,

---

mos que las normas que se sientan en esta opinión aplican únicamente a situaciones cubiertas por el Código Civil, pero no necesariamente a aquellas sujetas a disposiciones específicas del Código de Comercio.

no debe interpretarse literalmente, sino con atención a la analogía provista por los apartados precedentes. La nota común de éstos es que tanto las pensiones alimenticias como los arriendos y los intereses[2] dejan intacto el capital subyacente. No representan una obligación única que ha sido fraccionada, sino una sucesión de prestaciones separables. Concluye Troplong que el cobro del principal adeudado, aunque su pago se haya dividido en plazos no mayores de un año, no está sujeto a la prescripción quinquenal. M. Troplong, *Droit Civil Expliqué—De la Prescription*, 4ta ed., París, Ed. C. Hingray, 1857, pág. 584 *et seq*. La posición de Troplong representa la doctrina actual en Francia. G. Marty y P. Raynaud, *Droit Civil*, París, Ed. Sirey, 1962, T. II, Vol. 1, pág. 866; A. Weill y F. Terré, *Droit Civil—Les Obligations*, 3ra ed., París, Ed. Dalloz, 1980, pág. 1128; Baudry-Lacantinerie y Tissier, 5 *Civil Law Translations* 403 y ss. (1972).

Las sentencias más recientes del Tribunal Supremo de España adoptan idéntica posición a la francesa. S. de 16 de mayo de 1942, núm. 631, Aranzadi, IX Repertorio de Jurisprudencia 365, 366, y 31 de enero de 1980, núm. 174, Aranzadi, XLVII Repertorio de Jurisprudencia 138. El Tribunal Supremo de España también ha resuelto, a pesar de la omisión de referencia al respecto en el Código Civil español, contrario a lo que ocurre, como hemos apuntado, con el Código napoleónico, que el plazo quinquenal afecta por regla general el pago periódico de intereses.[3] S. de 14 de noviembre de 1934, núm. 1809, Aranzadi, III Repertorio de Jurisprudencia 870, 871, y 14 de marzo de 1964, núm. 1594, Aranzadi, XXXI Repertorio de Jurisprudencia 993, 994. Véanse: J. M. Casado Pallarés, *La Prescripción de los Intereses*, 6 Rev. C. Der. Inmob. 458, 497, 577 (1930); Q. M. Scaevola, *Código Civil*,

---

[2] El Código Civil francés, distinto al español, incluye expresamente los intereses dentro del plazo quinquenal. Más adelante veremos que el enfoque en España es idéntico, aunque por vía de la doctrina.

[3] Hay disputa sobre los intereses de demora.

Madrid, Ed. Reus, 1965, T. XXXII, Vol. 2, pág. 842 y ss.;
M. Albaladejo, *Derecho Civil*, 3ra ed., Barcelona, Ed. Bosch,
1975, T. I, Vol. 2, pág. 456.

Es interesante indicar igualmente que, si bien en España
hay controversia sobre la aplicación del plazo quinquenal a la
obligación única repartida en prestaciones periódicas, la dis-
puta desaparece si la obligación está garantizada con una
prenda, hipoteca, anticresis u otra garantía de naturaleza
real. Hay acuerdo en tal caso que la prescripción quinquenal
no es aplicable. Scaevola, *op. cit.*, págs. 836–837; Albaladejo,
*op. cit.*, pág. 456; J. L. Lacruz Berdejo, *Elementos de Derecho
Civil*, Barcelona, Ed. Bosch, 1974, Vol. 1, págs. 298–299.

Varios países civilistas con disposiciones análogas a las
discutidas sobre la prescripción quinquenal no las interpretan
en forma tan literal como ocurre con algunos comentaristas
españoles. En ellos, como en Francia, por ejemplo, la prescrip-
ción de cinco años no se aplica al impago de una deuda de
capital, aunque ésta haya de satisfacerse en plazos periódicos
no mayores de un año. El propósito primordial de esa pres-
cripción —se apunta desde tiempos de Troplong— es proteger
al deudor de la acumulación ruinosa de rentas, pensiones, in-
tereses y otras prestaciones autónomas de ese género, mas no
escudarle con prescripción de término tan corto del pago de
préstamos y obligaciones de similar naturaleza. Tal es la doc-
trina vigente en Italia: A. Scialoja y G. Branca, *Commentario
del Codice Civile, Tutela dei Diritti*, 2da ed., Bologna, Ed. N.
Zanichelli, 1972, T. 6, Art. 2948, págs. 298–302; en Suiza,
P. Engel, *Traité des Obligations en Droit Suisse*, Neuchatel,
Ed. Ides et Calendes, 1973, pág. 543; en Portugal, F. An-
drade Pires De Lima y J. De Matos Antunes Varela, *Código
Civil Anotado*, Coímbra, Ed. Coímbra, 1967, Vol. 1, Art. 310,
págs. 200–201; en Argentina, M. J. Argañarás, *La Prescrip-
ción Extintiva*, Buenos Aires, Ed. Tea, 1966, págs. 187–191;
en Québec, P. Martineau, *Traité Élémentaire de Droit Civil*,

*La Prescription*, Montréal, Ed. Les Presses de l'Université de Montréal, 1977, pág. 275. (⁴)

■ Consideramos más persuasiva la segunda posición descrita, la representada por las decisiones más recientes del Tribunal Supremo de España y vigente en Francia, Italia y los otros países enumerados. La deuda de capital contraída por la señora Santiago no está, en consecuencia, prescrita —el plazo de prescripción aplicable es el de quince años, Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294— aunque sí gran parte de los intereses acumulados. La Asociación sólo tiene derecho a exigir el balance adeudado del préstamo, más los intereses correspondientes a los cinco años precedentes a la presentación de la demanda. Casado Pallarés, *op. cit.*, pág. 508; Scaevola, *op. cit.*, pág. 839.

El caso de autos posee, además, características especiales que llevan al mismo resultado por otros caminos. Los préstamos de la Asociación de Empleados poseen una estructura muy particular. El Art. 7 (a) de la Ley Núm. 133 de 28 de junio de 1966, 3 L.P.R.A. sec. 862f (a), autoriza a la Junta de Directores a conceder préstamos a los empleados y socios acogidos al sistema con la garantía y los términos de amortización que determine. El principal y los intereses de estos préstamos se pagan normalmente mediante descuentos del sueldo del empleado. En caso de separación del empleado, dispone el referido Art. 7 (a) :

> . . . Se faculta a la Asociación y a los sistemas de retiro auspiciados por el Gobierno del Estado Libre Asociado de Puerto Rico para descontar de los ahorros y aportaciones de aquellos empleados que se separen permanentemente del ser-

---

(⁴) Cuando se ha deseado sujetar el pago de deudas de capital a la prescripción de cinco años o menos se ha legislado expresamente al efecto. Véanse el Art. 197 del Código Civil alemán en L. Enneccerus, T. Kipp y M. Wolff, *Código Civil Alemán (BGB)* (C. Melon Infante, traductor), Barcelona, Ed. Bosch, 1955, pág. 40 y el Art. 3538 del Código Civil de Luisiana, La. C.C. Comp. Ed., en 17 West's L.S.A.-C.C., pág. 700 (1972).

vicio por cualquier causa, cualquier suma que tengan pendiente de pago en la Asociación, y se faculta a todos los sistemas de retiro de empleados públicos para descontar de las pensiones las amortizaciones mensuales para abonar a los préstamos concedidos. . . .

Los Arts. 31 y 32 de la ley, 3 L.P.R.A. secs. 863c y 863d, disponen otros métodos para intentar asegurar el pago de las deudas de los asociados que hubiesen cesado en sus puestos. De lo anterior se desprende que estos préstamos son préstamos con garantía, aunque ésta puede resultar insuficiente. Cualquier crédito, depósito, sobrante u otro beneficio que por disposición de ley esté en manos del Estado Libre Asociado a favor del deudor queda gravado para garantizar la obligación insatisfecha. En segundo término, al cesar el empleado sus servicios en el Gobierno la deuda pierde su periodicidad, y queda el balance sujeto a cobro.

■ Respecto al primer rasgo, ya que el récord carece de suficiente información sobre la operación del gravamen en este caso, podemos abstenernos de discutir aquí la regla relativa a la exclusión de las obligaciones garantizadas de la prescripción quinquenal. El segundo rasgo es, por demás, concluyente. Aun bajo la teoría minoritaria, la prescripción quinquenal se aplicaría únicamente por el tiempo en que la obligación fuese pagadera en plazos no mayores de un año. Al convertirse en exigible la totalidad de la deuda debido a la pérdida o renuncia del empleo, la obligación queda naturalmente sujeta a la prescripción ordinaria. Está establecido que si aun las deudas periódicas clásicas, conforme a la doctrina mayoritaria, sometidas a la prescripción quinquenal se transforman en deudas de capital, el plazo prescriptivo aplicable es entonces el ordinario. Weill y Terré, *op. cit.*, pág. 1128.

*Se expedirá el auto, se revocará la sentencia recurrida y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

El Juez Asociado Señor Rebollo López concurre en el resultado sin opinión.