BANCO DE PONCE, querellado y peticionario, *v.* WALDEMAR F. BARNÉS, querellante y recurrido, y DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, recurrido.

*Número:* CE-88-106        *Resuelto:* 13 de febrero de 1990

---

*Ernesto N. Mayoral Megwinoff* y *Héctor L. Torres Vila*, abogados del peticionario; *Lilliam Ruiz De Jesús* e *Iván Ortiz Monroig*, abogados del Departamento de Asuntos del Consumidor, recurrido.

LA JUEZ ASOCIADA SEÑORA NAVEIRA DE RODÓN emitió la opinión del Tribunal.

En *Asoc. Empleados E.L.A. v. Guillén*, 116 D.P.R. 425 (1985), resolvimos que a los intereses compensatorios pagaderos por año o en plazos periódicos más breves les es aplicable la prescripción quinquenal del Art. 1866 del Código Civil, 31 L.P.R.A. sec. 5296. Hoy nos toca resolver si este plazo aplica también a los intereses moratorios.

I

*Los hechos*

El querellante recurrido, Sr. Waldemar Barnés, y su esposa suscribieron un pagaré hipotecario con James T. Barnes of Puerto Rico, Inc. Dicho pagaré más tarde fue ad-

quirido por el Banco de Ponce (en adelante Banco). El pago de la mensualidad hipotecaria vencía el 1ro de cada mes, pero la escritura indicaba que no se anotaría la mora hasta pasados quince (15) días del día de vencimiento. Con excepción de los pagos en efectivo, la corporación hipotecaria no prohibió al señor Barnés hacer los pagos mensuales por correo. Éste acostumbraba efectuar los pagos de la hipoteca por correo.

El 16 de diciembre de 1986 el Banco, acreedor hipotecario, comunicó al recurrido que a esa fecha sus récord reflejaban que el préstamo hipotecario tenía cargos por intereses moratorios acumulados ascendentes a trescientos treinta y cuatro dólares con veintiocho centavos ($334.28). Así las cosas, el señor Barnés se comunicó con la señora Ayuso, funcionaria del Banco, quien le indicó que el atraso databa desde hacía diez (10) años hasta el 1987. No conforme con la notificación del Banco, el 20 de abril de 1987 el señor Barnés presentó una querella administrativa ante el Departamento de Asuntos del Consumidor (en adelante D.A.C.O.).

Luego de celebrar la correspondiente vista, D.A.C.O. determinó lo siguiente: (a) que el deudor hipotecario podía demorarse en el pago quince (15) días sin incurrir en mora; (b) que a base de la Regla 68.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, el Banco tenía que permitir tres (3) días adicionales para imputarle la mora al pago enviado por correo por el señor Barnés, y (c) que la acción del Banco para cobrar los intereses moratorios sobre los pagos que se excedieron de los tres (3) días antes mencionados estaba prescrita según el Art. 1866 del Código Civil, *supra*.

Oportunamente, el Banco solicitó la revisión ante el Tribunal Superior, Sala de San Juan. Éste declaró sin lugar el recurso de revisión. No conforme, el Banco presentó recurso de *certiorari* mediante el cual planteó la comisión de varios errores, entre los cuales señaló que D.A.C.O. erró al aplicar la Regla 68.3 de Procedimiento Civil, *supra*, al pago por co-

rreo de las mensualidades hipotecarias y al concluir que a la acción para cobrar los intereses moratorios le es aplicable la prescripción quinquenal del Art. 1866 del Código Civil, *supra*.[1]

Decidimos revisar y expedimos el auto de *certiorari*.

## II

*La inaplicabilidad de la Regla 68.3 de Procedimiento Civil a relaciones contractuales*

■ En su resolución, D.A.C.O. concluyó que "no habiendo prohibición expresa a la utilización del servicio de correos para hacer [el pago de las mensualidades hipotecarias], la parte querellada tenía que permitir tres (3) días extras [además de los quince (15) días luego del vencimiento de cada plazo] para imputarle la mora al pago enviado por el querellante". Apéndice II, pág. 3. En apoyo de esta conclusión citó la Regla 68.3 de Procedimiento Civil, *supra*, que dispone:

*68.3 Plazo adicional cuando se notifica por correo*
Siempre que una parte tenga derecho a realizar, o se le requiera para que realice algún acto dentro de determinado plazo después de habérsele notificado un aviso u otro escrito, y el aviso o escrito le sea notificado por correo, se añadirán tres (3) días al período prescrito, salvo que no será aplicable a los términos que sean contados a partir del archivo en autos de copia de la notificación de la sentencia.

Ahora bien, la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que dichas reglas "regirán todos

---

(1) También alegó que el Departamento de Asuntos del Consumidor (D.A.C.O.) se equivocó al determinar que la cuantía reclamada al señor Barnés por el Banco de Ponce ascendía a trescientos treinta y cuatro dólares con veintiocho centavos ($334.28), ya que la cantidad realmente reclamada y en controversia era de trescientos cuarenta y cinco dólares con cuarenta centavos ($345.40). En su comparecencia, el recurrido, D.A.C.O., admite que este error se cometió.

los procedimientos de naturaleza civil ante el Tribunal General de Justicia". A base de ello, y tomando en consideración las disposiciones del Código Civil de Puerto Rico sobre las materias de contratos y obligaciones, resolvemos que la referida Regla 68.3 de Procedimiento Civil es inaplicable a las relaciones contractuales. Este error se cometió.

Todo pago recibido por el Banco con posterioridad a quince (15) días después del vencimiento del pago de la mensualidad hipotecaria se efectuó tardíamente y estaba sujeto a los intereses moratorios pactados.

## III

*La aplicación de la prescripción quinquenal del Art. 1866 del Código Civil a los intereses moratorios.*

En su resolución, D.A.C.O. también concluyó que la acción para recobrar los cargos por mora prescribía a los cinco (5) años al amparo del inciso (3) del Art. 1866 del Código Civil:

> Por el trancurso de cinco (5) años prescriben las acciones para exigir el cumplimiento de las obligaciones siguientes:
>
> .    °    .    .    °    .    .    .
>
> (3) La de cualesquiera otros pagos que deban hacerse por años o en plazos más breves. 31 L.P.R.A. sec. 5296(3).

■ En *Asoc. Empleados E.L.A. v. Guillén*, supra, tuvimos la oportunidad de interpretar el citado inciso (3) del Art. 1866 del Código Civil en relación con una deuda de capital pagadera en plazos mensuales de principal e intereses compensatorios. Allí reconocimos que no toda prestación periódica está sujeta al plazo quinquenal del Art. 1866 del Código Civil, *supra*. También advertimos sobre la diferencia entre el Código Civil francés y el español, indicando que el primero incluye específicamente los intereses dentro del plazo quinquenal. Sin embargo, cabe señalar que el enfoque en ambos es idéntico, uno por vía del análisis de la norma y el otro por disposición estatutaria expresa.

Luego de analizar las distintas posiciones adoptadas por los tratadistas españoles y de otras jurisdicciones civilistas, por considerarla la más persuasiva optamos por aquella que establece que el plazo quinquenal no le es aplicable a la deuda de capital, aunque ésta sea pagadera en plazos periódicos, pero sí aplica a los intereses compensatorios periódicos acumulados.

■ Expresamente señalamos que con respecto a los intereses de demora existe disputa entre los distintos tratadistas españoles y el Tribunal Supremo de España en lo que respecta a si el plazo quinquenal los afecto o no.[2] La jurisprudencia española se ha manifestado firmemente en favor de la aplicación a los intereses moratorios del plazo de quince (15) años que establece el Art. 1964 del Código Civil español que corresponde al Art. 1864 nuestro, 31 L.P.R.A. sec. 5294. Esta posición, sin embargo, contrasta con el reconocido propósito de la prescripción quinquenal del citado Art. 1866 nuestro de "proteger al deudor de la acumulación ruinosa de rentas, pensiones, intereses y otras prestaciones autónomas de ese género". *Asoc. Empleados E.L.A. v. Guillén*, supra, pág. 430. Contra la posición adoptada por la jurisprudencia española se han adelantado las razones siguientes:

1.º Que caben en su letra. 2.o Que la razón para el establecimiento de un plazo prescriptivo corto, vale igualmente para los intereses moratorios que para los compensatorios. 3.º Que la exclusión de ese plazo corto, y la aplicación del prescriptivo normal de quince años, no parece muy acertado fundamentarla en el carácter penal o indemnizatorio que los tales intereses moratorios puedan tener, habida cuenta de que, a tenor del 1.968, 2.º la acción para exigir responsabilidad por daños, —que, sin duda, parece tener más gravedad y, desde luego, el mismo carácter indemnizatorio— dura sólo un año. M. Albaladejo García, *Sentido de la jurisprudencia sobre prescripción*

---

[2] *Asoc. Empleados E.L.A. v. Guillén*, 116 D.P.R. 425, 429 esc. 3 (1985).

*quinquenal de intereses,* XLII (Núm. 452) Rev. Crít. Der. Inmob. 129, 146–147 (1966).

La norma estatuida en el Art. 1866 del Código Civil, *supra,* trata, pues, de una inspirada en un criterio de *favor debitoris.* Según nos indica Díez-Picazo, con ella se pretende:

> . . . impedir que los deudores se vean perjudicados, mediante una continua y sucesiva acumulación de pagos, que puede incluso, en ocasiones, conducirles a la ruina, porque, si el pago distanciado y periódico de pequeñas sumas es algo que cabe casi siempre dentro de las fuerzas o de las posibilidades económicas del deudor, en cambio la conversión de estas pequeñas deudas temporalmente distanciadas en una única deuda acumulada, de mayor importe, por obra de la voluntad del acreedor, que deja intencionadamente de reclamar las prestaciones durante algún tiempo, puede conducir a graves perjuicios. La prescripción quinquenal, como prescripción privilegiada, parece, pues, *que encuentra su fundamento en esta idea de favorecer o, al menos, de proteger a los pequeños deudores. . . . La finalidad perseguida por la norma —la evitación del perjuicio del deudor— parece, en este punto, el primer criterio hermenéutico digno de tenerse en cuenta.* (Énfasis suplido.) L. Díez-Picazo, *La prescripción en el Código Civil,* Barcelona, Ed. Bosch, 1984, págs. 181–182.

■ Tomando en consideración que la prescripción quinquenal tiene como propósito principal "la evitación del perjuicio del deudor", adoptamos la interpretación del Art. 1866 del Código Civil, *supra,* más acorde con dicha finalidad: el inciso (3) de dicho artículo incluye dentro de su aplicación no sólo los intereses compensatorios sino también los moratorios.[8] D.A.C.O. no se equivocó al aplicar el plazo quinquenal del Art. 1866, *supra,* al caso de autos.

---

[8] Esta es la doctrina vigente: en Italia, A. Scialoja y G. Branca, *Commentario del Codice Civile, Tutela dei Diritti,* 2da ed., Bologna, Ed. N. Zanichelli, 1972, T. 6, Art. 2948, págs. 298–302; en Suiza, P. Engel, *Traité des Obligations en Droit Suisse,* Neuchâtel, Ed. Ides et Calendes, 1973, pág. 543; en Argentina,

Según lo antes expuesto, *se dictará sentencia que revoque la dictada por el Tribunal Superior, Sala de San Juan, el 9 de diciembre de 1987 y que modifique la resolución de D.A.C.O. de 31 de agosto de 1987 para que refleje la cantidad correcta reclamada de trescientos cuarenta y cinco dólares con cuarenta centavos ($345.40) y para hacer inaplicable a la situación de autos el término de tres (3) días adicionales que establece la Regla 68.3 de Procedimiento Civil, supra, luego de lo cual se devolverá el caso para procedimientos compatibles con esta opinión.*

El Juez Asociado Señor Ortiz se inhibió.

M.J. Argañarás, *La Prescripción Extintiva*, Buenos Aires, Tipográfica Editora Argentina, 1966, págs. 187–191, y en Québec, P. Martineau, *Traité Elémentaire de Droit Civil: La Prescription*, Montréal, Ed. Presses de l'Université de Montréal, 1977, pág. 273.