# 2006 DTA 124

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN**
**PANEL IV**

JUANITA ORTIZ DE JESÚS
Recurrente

v.

SISTEMA DE RETIRO PARA MAESTROS
Recurrida

Núm. KLRA-2006-00333

San Juan, Puerto Rico, a 17 de octubre de 2006

Panel integrado por su Presidente, el Juez Ortiz Carrión,
la Juez Varona Méndez y el Juez Piñero González

Piñero González, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece ante nos Juanita Ortiz de Jesús, solicitando la revocación de la resolución emitida por el Sistema de Retiro para Maestros (en adelante, el Sistema de Retiro), antes conocido como la Junta de Retiro para Maestros, el 21 de marzo de 2006 y notificada el 24 de marzo del mismo año.

En la referida resolución, el Sistema de Retiro sostuvo su determinación de que la señora Ortiz de Jesús restituyera al Sistema de Retiro la cantidad de $71,895.68 por el cobro indebido de pensión por incapacidad durante el período de 1 de julio de 1989 a 1 de julio de 1999.

Por los fundamentos que expondremos a continuación, confirmamos la resolución recurrida.

**I**

Conforme a los hechos estipulados por las partes, surge que la señora Ortiz de Jesús se desempeñó como maestra en el Departamento de Educación, desde el 2 de agosto de 1965 hasta el 30 de septiembre de 1974,

fecha tras la cual se acogió al retiro por incapacidad física bajo la Ley de Retiro de Maestros, Ley Núm. 218 de 6 de mayo de 1951, 31 L.P.R.A. sec. 321 *et. seq.* (en adelante, Ley 218). En tal fecha devengaba un salario de $775.00 mensuales como maestra de comercio.

Desde el 1 de julio de 1980 hasta el 30 de septiembre de 1999, la señora Ortiz de Jesús laboró como Ayudante Especial en el Municipio de San Juan, devengando un salario de $2,739.00 mensual. Por lo cual, durante dicho período de tiempo, recibió remuneración por su empleo en el Municipio de San Juan, así como la pensión por incapacidad física que le fue concedida al amparo de la Ley 218.

El 17 de marzo de 2000, el Sistema de Retiro advino en conocimiento de los salarios devengados por la señora Ortiz de Jesús en contravención a lo dispuesto en la Ley 218, cuando ésta solicitó pensión por edad y años de servicio. Luego de confirmar lo anterior mediante una certificación de empleo de parte del Municipio de San Juan, el Sistema de Retiro inició las gestiones de cobro pertinentes para la devolución de las cantidades que le fueron pagas de forma indebida, ascendentes a $71,895.78.

Luego de celebrada la vista administrativa y evaluada la prueba estipulada por las partes, el Director Ejecutivo del Sistema de Retiro emitió la resolución recurrida en la cual concluyó que procedía la restitución de la cantidad antes reseñada por tratarse de un cobro de lo indebido. Adujo que contrario a lo alegado por la señora Ortiz de Jesús, la acción de cobro no estaba prescrita por ser de aplicación el término prescriptivo de quince años establecido por el Artículo 1864 de nuestro Código Civil, 31 L.P.R.A. sec. 5294 (en adelante, Artículo 1864), en lo relativo a las acciones personales que no tienen término especial de prescripción.

Señaló, además, que en vista de que el Sistema de Retiro conoció sobre los pagos indebidos el 17 de marzo de 2000, fue en tal fecha que comenzó a decursar el término prescriptivo. Asimismo, apuntó que las cartas que le fueron remitidas a la señora Ortiz de Jesús como gestión de cobro interrumpió dicho término, por tratarse de reclamaciones extrajudiciales válidas. Por último, el Sistema de Retiro enfatizó que, conforme a nuestra política pública, cualquier desembolso indebido de fondos públicos conlleva la devolución inmediata.

Inconforme con tal determinación, la señora Ortiz de Jesús nos plantea que erró el Sistema de Retiro al determinar que la deuda que intentaban cobrar no estaba prescrita. Argumenta, además, que el Sistema de Retiro erró al no concluir que está impedido de reclamar el pago de las referidas sumas porque ello es contrario a sus propios actos y su tardanza injustificada constituye incuria.

## II

La doctrina del cobro de lo indebido supone la entrega de una cosa a quien no tenía derecho a recibirla. Por lo cual, lo entregado tiene que ser restituido a aquél que lo dio. A tales efectos, el Artículo 1795 del nuestro Código Civil, 31 L.P.R.A. sec. 5121, regula la figura del cobro de lo indebido y establece que *"[c]uando se recibe alguna cosa que no había derecho a cobrar, y que por error ha sido indebidamente entregada, surge la obligación de restituirla"*.

Para que se configure dicha acción, es necesario la concurrencia de los siguientes tres requisitos que: (1) se produzca un pago con la intención de extinguir una obligación; (2) el pago realizado no tenga una justa causa, o sea, que no exista obligación jurídica entre el que paga y el que cobra, o que la misma sea por una cuantía menor a la pagada; y (3) el pago haya sido hecho por error y no por mera liberalidad, error de derecho o por cualquier otro concepto. *Sepúlveda v. Depto. de Salud*, 145 D.P.R. 560 (1998).

Nuestro Tribunal Supremo ha establecido una clara distinción entre el error de hecho y el de derecho. El *"error de hecho"* se refiere a aquél cometido por quien obra a base de unos hechos que no son los verdaderos. Se configura cuando, aun conociendo los hechos verdaderos, se produce una equivocación meramente formal o de trámite, también popularmente denominada como *"error humano"*. *Sepúlveda v. Depto. de Salud, supra;*

*Cartagena v. E.LA.,* 116 D.P.R. 254 (1985).

Por el contrario, cuando el pago es producto de un error de derecho, no procede la devolución de lo indebidamente pagado. *Aulet v. Depto. Servicios Sociales,* 129 D.P.R. 1 (1991). El error de derecho ocurre cuando la persona que realiza el pago lo hace amparado en la creencia de que éste le es exigible en derecho, bien por desconocimiento de la norma que lo descarga del pago o por interpretación errónea del derecho aplicable. *Sepúlveda v. Depto. de Salud, supra; Aulet v. Depto. Servicios Sociales, supra.* La doctrina del error de derecho exime a la persona que recibió el pago indebido de la devolución de lo pagado, aun cuando se trate de fondos públicos. *Aulet v. Depto. Servicios Sociales, supra; A.C.A.A. v. Bird Piñero,* 115 D.P.R. 254 (1985); *Cartagena v. E.L.A., supra.*

Nuestro más alto Foro ha destacado que debido a que la obligación de restitución que establece el Artículo 1795 no nace de la voluntad contractual de las partes, se ha considerado que la naturaleza jurídica de esta figura es cuasi contractual. Lo esencial es analizar los tres elementos antes mencionados, aplicarlos a los hechos del caso en cuestión y concluir si efectivamente concurrieron los factores que dan lugar a la obligación de restituir o si, por el contrario, no se cumplieron las condiciones de la doctrina y por lo tanto no procede la devolución. *Sepúlveda v. Depto. de Salud, supra.* Le corresponde al promovente demostrar la comisión del error en el pago. Artículo 1800 del Código Civil, 31 L.P.R.A. sec. 5126.

### III

Al argumentar su planteamiento de error, la señora Ortiz de Jesús aduce que, durante los veinte años que le fue pagada la pensión por incapacidad física, el Sistema de Retiro no llevó a cabo las evaluaciones periódicas exigidas por la Ley 218, por lo cual, los pagos indebidos se correspondieron a su propia negligencia. También sostiene que el Sistema de Retiro incurrió en incuria por haber esperado tantos años para ejercitar su acción de recobro y no haber ejercido la diligencia apropiada para detectar los pagos indebidos hechos desde 1980 hasta 1999. Así, pues, arguye que resulta improcedente ahora exigirle que devuelva el dinero que le fue entregado por el Sistema de Retiro por su propio descuido.

Plantea, además, que la acción de cobro está prescrita al amparo del Artículo 1866 de nuestro Código Civil, 31 L.P.R.A. sec. 5296, el cual impone un término prescriptivo de cinco años para aquellas acciones mediante las cuales los pagos son efectuados anualmente o en plazos más breves.

De entrada, nótese que no toda prestación periódica está sujeta a dicho plazo. *Asoc. Empleados E.L.A. v. Guillén,* 16 D.P.R. 425 (1985). El referido estatuto ha sido aplicado a casos en los cuales se adeuda una suma global pagadera en plazos, los cuales tradicionalmente acumulan intereses, tales como préstamos o pensiones alimentarias atrasadas. Así, pues, la jurisprudencia interpretativa de este articulado, a la cual aludió la señora Ortiz de Jesús al argumentar la aplicación del plazo quinquenal al presente caso, ha establecido que su aplicación se limita al período para reclamar la partida de los intereses acumulados y no al cobro de la totalidad de la deuda o principal. Véase *Campery Ledesma v. Compañía de Fomento Industrial de P.R.,* 153 D.P.R. 137 (2001); *Banco de Ponce v. Barnes,* 125 D.P.R. 526 (1990); *Asoc. Empleados E.L.A. v. Guillén, supra.*

En oposición a la alegación del Sistema de Retiro en torno a que el término prescriptivo comenzó a decursar cuando advino en conocimiento de los pagos indebidos, la señora Ortiz de Jesús alude a lo establecido en *López v. Autoridad de Carreteras,* 133 D.P.R. 243 (1993), donde se exige que el reclamante ejerza la debida diligencia para conocer el autor de los daños que le fueron ocasionados. No obstante, ello presume que la parte afectada advino en conocimiento del daño, aun cuando desconoce su causante. En vista de que el Sistema de Retiro desconocía que la señora Ortiz de Jesús estaba empleada por el Municipio de San Juan, tal no es la situación ante nos.

La presente controversia gira en torno a la procedencia de la devolución de dinero que fue pagado a quien

no tenía el derecho a recibirlo. Resulta necesario destacar que, luego de analizados los autos originales de la agencia, ██ hallamos que la señora Ortiz de Jesús remitió a la entonces Junta de Retiro una carta fechada el 10 de julio de 1998, en la cual expresó lo siguiente:

*"[P]or la presente solicito ser referida al Médico de la Junta para que me reexamine porque creo que ha pasado tiempo razonable y suficiente como para que esté recuperada de mi incapacidad.*

*...*

*Una vez se determine que estoy recuperada de la incapacidad, solicito me suspendan de los pagos de pensión."*

Ello evidentemente activó el término prescriptivo de quince años para el inicio de la acción de cobro de lo indebido, ya que se presume que en tal fecha el Sistema de Retiro advino en conocimiento de que la señora Ortiz de Jesús posiblemente no padecía de la incapacidad por la cual se le concedió la pensión y por lo tanto, no era acreedora de la misma. Sin embargo, en vista de que el Sistema de Retiro inició las gestiones de cobro transcurridos dos años desde la referida carta, su reclamación no estaba prescrita.

Se deriva de lo anterior que el Sistema de Retiro desconocía, hasta el 1998, que los pagos fueron efectuados indebidamente. Por lo cual, resultaría absurdo exigirle que presentara su reclamación antes de conocer sobre su derecho a ejercer dicha acción de cobro. A tales efectos, y ausente un plazo prescriptivo en el estatuto relativo a la doctrina del pago de lo indebido, es de aplicación el término prescriptivo de quince años dispuesto por el Artículo 1864, el cual comenzó a decursar cuando el Sistema de Retiro advino en conocimiento de que la señora Ortiz de Jesús devengó un salario durante el período en el cual recibió los beneficios de la pensión por incapacidad física.

En el caso de autos, es evidente y fue admitido por ambas partes, que el Sistema de Retiro efectuó los pagos de la pensión por incapacidad física a la señora Ortiz de Jesús con la intención de extinguir la obligación de pago impuesta por la Ley 218. También se desprende de los hechos estipulados que la señora Ortiz de Jesús se desempeñó como Ayudante Especial en el Municipio de San Juan desde el 1 de julio de 1980 hasta el 30 de septiembre de 1999. Desde el 1 de octubre de 1999 se acogió al retiro, recibiendo una pensión del Sistema de Retiro del E.L.A. por años de servicio. Todo ello, mientras simultáneamente devengaba la pensión por incapacidad que le fue concedida por el Sistema de Retiro.

Asimismo, una lectura de la legislación aplicable revela que no existía justa causa para el pago de la referida pensión, ya que la sección 30 de la Ley 218 exime al Sistema de Retiro del pago de pensión por incapacidad física al maestro que reingrese al servicio gubernamental. Incluso, en su recurso de revisión, la señora Ortiz de Jesús expresa que *"[n]o existe controversia tampoco, en que la Pensión de Retiro para Maestros debió ser suspendida durante dicho período, pues la recurrente no podía trabajar en el gobierno y mantener su status de pensionada de un Sistema de Retiro Gubernamental."* Véase Recurso de Revisión, página 10.

En vista de que, a su criterio, se cumplieron los requisitos de la doctrina del pago de lo indebido, el Sistema de Retiro concluyó que el pago indebido de la pensión se debió a un error de hecho y procedía su devolución. En su escrito en oposición, esboza nuevamente los mismos argumentos. Destaca, además, que contrario a lo planteado por la señora Ortiz de Jesús en torno a que *"[h]hubo inercia y negligencia del Sistema de Retiro para percatarse de la situación, ya que no hizo evaluaciones médicas periódicas, nunca tuvo un programa periódico de investigación de sus pensionados y su status de salud o laboral"*, ello no derrota el derecho del Sistema de Retiro a reclamar la devolución de las sumas pagas de forma indebida ni implica que su acción está prescrita. Véase Recurso de Revisión, página 15.

En *Colón Cotto v. Administración*, 141 D.P.R. 583 (1996), nuestro Tribunal Supremo destacó que aun cuando la agencia no había cumplido con el mandato legislativo de investigar periódicamente y de suspender la pensión por incapacidad a quienes devengaban otra retribución igual o mayor que el beneficio concedido, el pago de las mismas constituía un error de hecho, y procedía su devolución. Adviértase que el referido caso versaba sobre las disposiciones de la Ley de Retiro del Personal del Gobierno de Puerto Rico, Ley Núm. 447 de 15 de mayo de 1951, 3 L.P.R.A. sec. 761 *et. seq.*, de similar estirpe a la Ley 218.

No obstante, los hechos de *Colón Cotto v. Administración, supra*, son distinguibles del caso de marras, ya que el señor Colón Cotto informó, voluntariamente, al psiquiatra de la Administración de los Sistemas de Retiro de los Empleados del Gobierno que tenía un negocio de venta de piezas para estufas. Como consecuencia, sus beneficios por incapacidad fueron suspendidos y se le ordenó la restitución del dinero pagado desde las enmiendas efectuadas a la ley aplicable en 1986, fecha tras la cual se prohibió que los pensionados devengaran ingresos de fuentes no gubernamentales. Nuestro Tribunal Supremo concluyó que sólo procedía el pago del dinero pagado desde que la Administración comprobó que el señor Colón Cotto tenía un negocio propio, en vista de que éste no engañó a la Administración ni proveyó información falsa.

Por el contrario, la señora Ortiz de Jesús en momento alguno informó que estaba empleada por el gobierno aun a sabiendas de que su pensión respondía exclusivamente a la incapacidad física que le fue diagnosticada. Una vez el Sistema de Retiro descubrió lo anterior, suspendió el pago de la pensión y reclamó la restitución de las sumas pagadas indebidamente.

Tómese en cuenta, además, que la señora Ortiz de Jesús, como profesional y empleada del Gobierno por numerosos años, conocía las limitaciones impuestas por la legislación sobre retiro por incapacidad, ya que así lo admitió en su recurso de revisión. Véase Recurso de Revisión, página 10. Sin embargo, aun si hubiese alegado lo contrario, adviértase que el desconocimiento de la ley no exime de su incumplimiento. 31 L.P.R.A. sec. 2. Es necesario también destacar que, luego de su retiro en el 1999, solicitó una pensión por edad y años de servicio, ya que dicha pensión resultaría mucho mayor que la que recibía por concepto de la pensión por incapacidad física al amparo de la Ley 218. Ahora no puede pretender que se le exima del pago del dinero que recibió a sabiendas que no le correspondía.

El mero hecho de que el texto de la ley no le imponga una responsabilidad expresa de informar cualquier cambio en su estado de salud o de empleo, no implica que pueda obviar los requisitos ineludibles para continuar recibiendo la pensión por incapacidad física. De una somera lectura de la ley, resulta sumamente claro que la pensión por incapacidad física está condicionada a que el empleado no pueda llevar a cabo labores remuneradas porque continúa padeciendo de la incapacidad. Acorde con ello, la sección 30 de la Ley 218 dispone que: *"[l]os maestros retirados por incapacidad física dejarán de recibir la renta anual vitalicia tan pronto cese la incapacidad o reingresen al servicio gubernamental."* 18 L.P.R.A. sec. 349. Permitir que la señora Ortiz de Jesús fuese eximida de la restitución de las sumas pagadas indebidamente constituiría un enriquecimiento injusto. *Díaz Lizardi v. Aguayo Leal*, **2004 J.T.S. 148**.

Además, en vista de la normativa de deferencia a las determinaciones administrativas, y en ausencia de prueba que demuestre que la agencia actuó de formal ilegal, irrazonable, arbitraria o de manera tan irrazonable que su actuación constituyó un abuso de discreción, no intervendremos con el dictamen recurrido. *Camacho Torres v. Administracion para el Adiestramiento de Futuros Empresarios y Trabajadores*, **2006 J.T.S. 97**.

Por todo lo cual, no erró el Sistema de Retiros al concluir que la deuda no estaba prescrita y ordenar la restitución de las sumas adeudadas por la señora Ortiz de Jesús. Sin embargo, es necesario llevar a cabo nuevamente los cómputos para fijar la totalidad de la deuda conforme a las sumas pagadas de forma indebida desde el 1 de julio de 1980 hasta el 10 de julio de 1998. Además, consideramos prudente que se establezca un plan de pago razonable para que la señora Ortiz de Jesús pueda cumplir su obligación de restitución.

## IV

Por los fundamentos antes expuestos, confirmamos la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria Interina del Tribunal de Apelaciones.

Mildred Ivonne Rodríguez Rivera
Secretaria del Tribunal de Apelaciones

**ESCOLIO 2006 DTA 124**

**1.** Mediante resolución de 3 de julio de 2006, ordenamos al Sistema de Retiro de Maestros de Puerto Rico a presentar copia certificada de todo el expediente administrativo que obra en la agencia, a partir de la aprobación de la pensión por incapacidad, es decir desde 1 de julio de 1970. El mismo fue presentado en nuestra Secretaría el 14 de julio de 2006.