LA SUCESIÓN DE JOSEFINA CHOISNE Y OTROS, peticionarios y recurrentes, *v.* MUNICIPIO DE VIEQUES, demandado y recurrido.

*Número:* O-70-290     *Resuelto:* 20 de marzo de 1972

*Ramón Mellado González,* abogados de los recurrentes; *Gilberto Gierbolini, Procurador General, Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados del recurrido.

PER CURIAM: Se trata en este caso de una demanda solicitando la restitución de cierta cantidad de dinero, más los intereses legales sobre la misma. La suma de $615.91 le fue entregada al Municipio de Vieques por el Sr. Manuel Mellado Choisne en virtud de la compraventa de un solar localizado en la Calle Víctor Duteil del Pueblo de Isabel II, en Vieques, Puerto Rico.

Manuel Mellado Choisne, como albacea de la sucesión demandante, le hizo entrega del dinero al Municipio de Vieques el 17 de octubre de 1966, sin tener conocimiento de que el referido solar ya le pertenecía en pleno dominio a la sucesión que él representaba; hecho que surgía de las constancias del Registro de la Propiedad, Sección de Humacao.

El 15 de febrero de 1967 la Sucesión de Josefina Choisne radicó demanda en el Tribunal de Distrito, solicitando se ordenara la devolución del dinero indebidamente entregado al Municipio de Vieques. Los demandantes titularon su reclamación "cobro por el pago de lo indebido".

El 16 de junio de 1969 el Tribunal de Distrito, Sala de San Juan, dictó sentencia declarando sin lugar la demanda de restitución del pago de lo indebido. En sus conclusiones de derecho el tribunal sentenciador determinó que los demandantes no tenían derecho a la devolución de los $615.91 indebidamente pagados por haberse efectuado el pago bajo un error de derecho. Es decir, que por haberse efectuado el pago bajo un error de derecho, no surgió el cuasicontrato de pago de lo indebido que obliga a la devolución de lo indebidamente cobrado.

Los demandantes apelaron esa sentencia ante el Tribunal Superior, quien por sentencia del 5 de noviembre de 1970 confirmó al Tribunal de Distrito. El Tribunal Superior, al confirmar, reiteró el razonamiento del tribunal de instancia al efecto de que el pago se realizó bajo un error de derecho, por lo cual no surge derecho alguno a su devolución.

Los demandantes recurren a este Tribunal por vía de *certiorari* y alegan que, aunque titularon su reclamación incorrectamente "cobro por el pago de lo indebido", la realidad jurídica es que su reclamación no se rige por las disposiciones del Código Civil que regulan el cuasicontrato de pago de lo indebido (Código Civil de P.R., Art. 1795 *et seq.*). Que su reclamación se rige por el Art. 1227 del Código Civil de Puerto Rico([1]) por carecer de causa el contrato en virtud del cual se hizo la entrega del dinero; y que de acuerdo con dicho artículo un contrato sin causa no produce efecto legal alguno, por lo que el Municipio de Vieques viene obligado a devolver lo que recibió indebidamente.

Los recurrentes tienen razón en su planteamiento. Hemos resuelto en casos apropiados que cuando se efectúa un pago indebido bajo un error de derecho no procede la devolu-

---

([1]) El Art. 1227 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3432, dispone:

"Los contratos sin causa, o con causa ilícita, no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral."

ción de lo indebidamente pagado. *Quiñones* v. *Comisión Industrial*, 60 D.P.R. 447 (1942) ; *Silva* v. *Sucesión Caratini*, 51 D.P.R. 778 (1937). Sin embargo, en el presente caso la entrega del dinero no se efectuó bajo un error de derecho, es decir, bajo un error en cuanto al derecho a cobrarlo por quien lo recibió. Aquí las partes realizaron actos tendentes al perfeccionamiento de un contrato de compraventa. El contrato que pretendieron formalizar las partes carecía de causa para el comprador, por lo que nunca tuvo realidad jurídica. De los actos efectuados por ambas partes es que surgen sus respectivos derechos y obligaciones. Careciendo de causa el contrato que pretendieron celebrar, tiene aplicación a los hechos de este caso el Art. 1227 del Código Civil, el cual declara que los contratos sin causa no producen efecto alguno.

Analizando el cuasicontrato de cobro de lo indebido, dice Borrell y Soler:

"No es debido, y puede reclamarlo quien lo pagó, lo dado en cumplimiento de un contrato nulo, de obligación sin causa o por causa inmoral o injusta; *pero el cuasicontrato que nos ocupa es el que tiene lugar cuando el pago se ha realizado por error.* Este puede consistir en que la obligación exigida no fuese cierta o que fuese nula, o ya extinguida, pendiente de condición suspensiva; si pagó lo que no se debía o más de los debido, si el que pagó no era deudor, o pagó al que no era acreedor, si se pagó como pura la que era alternativa, o como específica la que era genérica." (Énfasis suplido.) Borrell y Soler, *Derecho Civil Español*, Tomo III, pág. 572.

Vemos pues que son dos supuestos distintos, el del pago que se hace en cumplimiento de un contrato inexistente y el del pago que se hace por error. Debemos señalar que, aunque sobre el pago de lo indebido se dice comúnmente que el pago se efectuó "sin causa", esas palabras en ese contexto tienen un significado particular. Nos dice a ese respecto Sánchez Román discutiendo el pago de lo indebido: "Es de advertir que eso de *pago sin causa* ha de entenderse *con causa errónea o equivocada,* y que esta equivocación consista en

error de *hecho* no de *Derecho;* porque el de esta clase no aprovecha a nadie ni origina el cuasicontrato de *pago de lo indebido.*" (Énfasis nuestro.) *Derecho Civil,* Tomo IV, pág. 1009.

■ Es de notar el hecho de que bajo el supuesto de cobro de lo indebido existe causa, pero que dicha causa es errónea o equivocada y en ello precisamente radica el error. En el caso que nos ocupa hay una total inexistencia de causa para el comprador, por lo que su reclamación no se rige por el cuasicontrato de pago de lo indebido.

Manresa expone sobre la inexistencia de causa en los contratos:

"Habrá error que produzca la inexistencia de la causa, cuando alguien contrate para adquirir cosas o derechos que ignorase le pertenecían, por completo y de modo indudable, o viceversa, para transmitir a otro lo que ya le pertenece; . . . ." Manresa, *Código Civil Español,* Tomo VIII, pág. 684.

Por no tratarse este caso de un pago de lo indebido y resultando ser por el contrario un pago hecho en virtud de contrato inexistente por falta de causa, el Municipio de Vieques viene obligado a devolver a la sucesión demandante lo que sin derecho recibió de ésta.

Por las razones anteriormente expuestas, *se revocará la sentencia objeto de este recurso, y en su lugar, se dictará otra condenando al Municipio de Vieques que devuelva a la Sucesión de Josefina Choisne la suma de $615.91, más intereses legales desde la fecha de radicación de la demanda.*

El Juez Presidente, Señor Negrón Fernández, no intervino.