GLORIA M. CARTAGENA DE JESÚS, demandante y peticionaria, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, ETC., demandado y recurrido.

*Número:* O-84-834      *Resuelto:* 29 de marzo de 1985

*María I. Cartagena,* abogada de la peticionaria; *Américo Serra, Procurador General Interino, Lirio Bernal, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

La recurrente Gloria M. Cartagena De Jesús, de 60 años de edad, era beneficiaria del Programa de Asistencia Nutricional (PAN). Recibía $59. En el mes de junio de 1983 acudió a la entrevista para recertificación. Informó que con ella vivían dos nietas durante la semana y que los sábados y domingos estaban con la madre. Ésta le proveía $80 mensuales para alimentos. A base de dicha información y núcleo familiar, se le computaron los $80 como parte del ingreso y aumentaron a $159 los beneficios. Durante cinco (5) meses recibió esa cantidad. Posteriormente, para octubre, el Departamento de Servicios Sociales le notificó que *desde* noviembre recibiría sólo $56 mensuales. A fines de noviembre, Servicios Sociales, le notifica que le habían pagado indebidamente $546 durante el período de julio a noviembre de 1983, debido a "que se habían incluido a dos niñas en unidad familiar cuando éstas dependían de su mamá". Fue citada para el 9 de diciembre, reiterándosele la norma del departamento de no separar menores de sus padres. Se le requirió devolver los $546 siendo notificada de su derecho a apelar. Por su situación de indigencia, se resolvió descontar $10 de sus mensualidades para acreditarlos a lo recibido en exceso. Inconforme la recurrente apeló a la Junta de Apelaciones del Departamento de Servi-

cios Sociales. Dicha agencia confirmó a base de la Sec. 301C del reglamento que define el concepto de menores bajo unidad familiar. Concluyó que en esta situación los menores no estaban bajo la tutela o custodia de miembros de la unidad familiar de la recurrente. Habiendo sido evaluados erróneamente, debían incluirse en la unidad familiar de los padres. El Tribunal Superior confirió deferencia a la decisión de la agencia y confirmó a base del reglamento, Sec. 301. ([1])

A solicitud de la señora Cartagena revisamos. Ante nos, cuestiona la interpretación del reglamento y que se le obligue a devolver la cantidad pagada, por ser un error atribuible a

---

([1]) Reza, en sus disposiciones pertinentes:

"301—CONCEPTO DE UNIDAD FAMILIAR

"Unidad Familiar se define como una persona que reside sola o el conjunto de personas que residen en una vivienda.

"Al determinar qué personas forman parte de la unidad familiar se tomarán en consideración los siguientes factores que pueden afectar la composición de ésta:

"A— Relación de padres e hijos.

"Los padres e hijos que residen juntos se considerarán como una sola unidad familiar *independientemente* de la edad de los hijos.

"B— Relación de Cónyuges.

"Los cónyuges no pueden separarse dentro de la unidad familiar ni se les considerará unidades familiares por separado.

"C— Menores.

"Los menores que estén bajo la tutela de miembros de una unidad familiar no se consideran unidades familiares por separado.

"Estos menores se incluirán en la unidad familiar de los padres o en la de la persona que tiene su tutela o custodia.

"D— Otros miembros de la unidad familiar.

"Las siguientes personas se considerarán miembros de la unidad familiar *aun cuando no residan con ésta la mayor parte del tiempo* por las razones que se indican a continuación.

"Estas personas se certifican con sus unidades familiares y no se les considerará unidades familiares separadas.

". personas que residen fuera del hogar por motivos de trabajo.

". personas recluidas en hospitales, casas de salud, etc., por motivo de enfermedad siempre y cuando la ausencia del hogar no exceda de 30 días.

". estudiantes (según lo define la Agencia) que residen fuera de sus hogares por razones de estudio y dependan económicamente de sus padres o encargados."

la agencia. Alega impedimento por actos propios. Finalmente, aduce que se infringió el debido proceso de ley, al no habérsele realizado una investigación previa a la decisión. Emitimos orden para mostrar causa.

## II

La comparecencia del Procurador General despeja toda duda en cuanto a la observancia cabal del debido proceso de ley. Fue satisfecho. No hubo infracción al efecto.

■ Respecto al planteamiento sobre el error de derecho —como impedimento a la devolución de lo indebidamente pagado— notamos que el Procurador General no cuestiona su configuración en el caso de autos. Su argumentación va dirigida a sostener que el principio de devolución no es aplicable en virtud de la interpretación dada por el Departamento de Servicios Sociales y la Junta de Apelaciones al reglamento especial, y por estar estos beneficios revestidos de interés público. Aunque apreciamos el valor de su posición, no nos convence.

■ La inclusión de las dos nietas en el núcleo familiar de doña Gloria fue claramente contraria al reglamento. Ello no se discute. Siendo así, no cabe otra solución que concluir que ello constituyó una interpretación errónea de la ley que configuró un *error de derecho*. Nótese que la información que proveyó doña Gloria fue veraz y legítima. La agencia a través de su oficina local la evaluó. Consideró que las nietas formaban parte de su núcleo familiar. No estamos, pues, ante un error de trámite. Más bien, repetimos, ante un error de derecho. Por ende, no procede la devolución de lo indebidamente pagado. *Sucn. Choisne* v. *Municipio*, 100 D.P.R. 501, 503–504 (1972); *Quiñones* v. *Comisión Industrial*, 60 D.P.R. 447 (1942); *Silva* v. *Sucn. Caratini*, 51 D.P.R. 778 (1937).

*Se dictará la sentencia correspondiente.*