Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Estado Libre Asociado de Puerto Rico<br><br>    Recurrido<br><br>        v.<br><br>Liborio R. Caro Muñiz y su esposa Rita Caro Caro, ambos por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Asamblea Municipal de Rincón, representada por su Presidente Israel González Cardona; Municipio de Rincón, representado por su Alcalde Carlos D. López Bonilla; Sutano(a) de Tal<br><br>    Peticionarios | Certiorari<br><br>2012 TSPR 64<br><br>185 DPR ____ |

Número del Caso: CC-2011-117

Fecha: 3 de abril de 2012

Tribunal de Apelaciones:

        Región Judicial de Aguadilla, Panel IX

Abogado de la Parte Peticionaria:

        Lcdo. Harry N. Padilla Martínez

Oficina del Procurador General

            Lcdo. Luis R. Román Negrón
            Procurador General

            Lcda. Amir Cristina Nieves Villegas
            Procuradora General Auxiliar

Materia: Sentencia Declaratoria, Pago Indebido de Fondos Públicos, Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Estado Libre Asociado de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Liborio R. Caro Muñiz y su esposa Rita Caro Caro, ambos por sí y en representación de la Sociedad Legal de Gananciales compuesta por ambos; Asamblea Municipal de Rincón, representada por su Presidente Israel González Cardona; Municipio de Rincón, representado por su Alcalde Carlos D. López Bonilla; Sutano(a) de Tal<br><br>Peticionarios | CC-2011-0117 |

SENTENCIA

En San Juan, Puerto Rico, a 3 de abril de 2012.

El 14 de diciembre de 2010 el Tribunal de Apelaciones confirmó la sentencia del Tribunal de Primera Instancia que declaró con lugar la demanda sobre sentencia declaratoria, pago indebido de fondos públicos y cobro de dinero que presentó el Estado Libre Asociado de Puerto Rico (E.L.A.) contra el entonces alcalde de Rincón, Liborio R. Caro Muñiz, su esposa, la Sra. Sonia Rita Caro Caro y la sociedad legal de gananciales que ambos componen (peticionarios). Insatisfechos con ese proceder, estos acuden ante nos para solicitar la revisión de la sentencia que emitió el Tribunal de Apelaciones. En esencia, aducen

que el foro apelativo intermedio erró al confirmar la sentencia del Tribunal de Primera Instancia que ordenó el pago de $86,291.80 desembolsados por el Municipio de Rincón. En su argumentación, los peticionarios nos requieren que apliquemos a los hechos de este caso nuestro más reciente precedente, E.L.A. v. Crespo Torres, 180 D.P.R. 776 (2011).

Evaluada la controversia, determinamos que el foro apelativo intermedio erró al confirmar la sentencia del Tribunal de Primera Instancia. Revocamos.

I

El Sr. Liborio R. Caro Muñiz fungió como alcalde del Municipio de Rincón de 1993 a 2000. Durante su incumbencia, la Legislatura Municipal de ese municipio aprobó el 29 de abril de 1997 la Resolución Núm. 20, Serie 1996-97. Mediante esa resolución, se le otorgó al señor Caro Muñiz un aumento de sueldo por la suma de $1,600 mensuales efectivo al 1 de julio de 1997. Con el aumento concedido, el sueldo del entonces alcalde incrementó de $2,400 a $4,000 mensuales.

Al igual que ocurrió en varios municipios, la concesión del aumento al señor Caro Muñiz se basó en la interpretación inicial que hizo la Oficina del Comisionado de Asuntos Municipales (O.C.A.M) del recién aprobado Art. 3.012 de la Ley de Municipios Autónomos, Ley Núm. 81-1991, 21 L.P.R.A. sec. 4001 et seq. En esa interpretación, la O.C.A.M. informó que era innecesario que las asambleas municipales aprobaran un reglamento para regir su

procedimiento, antes de conceder un aumento. A su vez, la O.C.A.M. razonó que no era obligatorio que las asambleas municipales evaluaran los siete criterios contenidos en el artículo mencionado para conceder un aumento, pues su consideración recaía en su sana discreción. Indicó que el único criterio necesario para evaluar el aumento salarial era su razonabilidad.

Sin embargo, meses después, la O.C.A.M. modificó su interpretación original del Art. 3.012, supra. El 11 de junio de 2002, mediante el Memorando Circular Núm. 2002-11, la O.C.A.M. opinó que previo a la concesión de un aumento a un alcalde, debía aprobarse el reglamento que exige el Art. 3.012, supra. De la misma forma, añadió que las legislaturas municipales debían evaluar, obligatoriamente, los siete criterios contenidos en el artículo antes de otorgar un aumento salarial a un alcalde. La O.C.A.M. ratificó esa nueva interpretación en otro memorando circular.

Durante todo ese proceso, las diferencias en interpretación entre la O.C.A.M. y la Oficina del Contralor sobre el Art. 3.012, supra, no se hicieron esperar. A raíz de ello, la Comisión Conjunta de la Cámara de Representantes sobre Informes Especiales del Contralor citó al Departamento de Justicia para que se expresara. Tras un análisis del artículo y de su historial legislativo, el Departamento de Justicia concluyó que las legislaturas municipales debían evaluar minuciosamente cada uno de los siete requisitos que enumera el Art. 3.012 de la Ley de

Municipios Autónomos, supra. No obstante, aclaró que, si bien era cierto que entre los requisitos se exigía que se analizaran los informes de auditoría de los municipios, ignorarlos no viciaba automáticamente de nulidad los aumentos concedidos. Serían válidos siempre que se consideraran mecanismos alternos que demostraran la situación financiera real del municipio con suficientes garantías de confiabilidad.

Luego de recibir el informe de auditoría que realizara la Oficina del Contralor sobre las operaciones fiscales del municipio, el 20 de mayo de 2004 el Gobierno de Puerto Rico presentó demanda de sentencia declaratoria, pago indebido de fondos públicos y cobro de dinero contra los peticionarios, la Legislatura Municipal y el Municipio de Rincón. En ella, el Estado alegó que el 1 de septiembre de 2000 la Oficina del Contralor de Puerto Rico emitió el Informe de Auditoría Núm. M-01-10 en que se detallaron las operaciones fiscales del Municipio de Rincón para el periodo comprendido entre el 1 de enero de 1995 y el 31 de diciembre de 1998. Añadió que del estudio surgió que la Legislatura Municipal de Rincón aprobó el aumento del señor Caro Muñiz sin apegarse a los requisitos que esboza la Ley de Municipios Autónomos, supra.

En específico, del Informe de la Oficina del Contralor surge que la Legislatura Municipal otorgó el aumento sin antes aprobar un reglamento para regir el procedimiento de evaluación, determinación y adjudicación de sueldo como exige el Art. 3.012 de la Ley de Municipios Autónomos, 21

L.P.R.A. sec. 4112. El Estado añadió que la Legislatura Municipal tampoco consideró los estados financieros del municipio, que al momento de concederse el aumento reflejaban un atraso de dos años en su preparación y un déficit presupuestario de $34,350 en los fondos operacionales. De la misma forma, la Legislatura Municipal nunca ofreció evidencia a la Oficina del Contralor de que consideró los siete requisitos que dispone la sección referida para conceder aumentos a los alcaldes.

Por ello, el E.L.A. solicitó que se declarara nula, ilegal y contraria a derecho la Resolución Núm. 20 que otorgó al señor Caro Muñiz el aumento de sueldo de $1,600 mensuales. Asimismo, requirió que se declarara ilegal el pago de $86,291.80 por concepto de ese aumento, y se condenara a los peticionarios a su restitución, junto a cualquier otra suma que se haya cobrado, más intereses, gastos, costas y honorarios de abogados.

Después de varios incidentes procesales,[1] el Tribunal de Primera Instancia celebró una vista en que las partes acordaron que la controversia se resolvería por la vía sumaria. El 15 de marzo de 2010 el E.L.A. presentó su moción al respecto. Luego de un análisis del derecho correspondiente, el 15 de junio de 2010 el foro primario

---

[1] Entre esos trámites estuvo la solicitud del Municipio de Rincón y su Asamblea Municipal de que se desestimara la causa de acción en su contra. Arguyeron que no eran partes indispensables en el pleito y no deseaban litigar ni intervenir en él. Luego de evaluar la solicitud, el foro primario desestimó la causa de acción contra el municipio y la Asamblea Municipal.

declaró nula, ilegal y contraria a derecho la Resolución Núm. 20 de 19 de abril de 1997. A su vez, dispuso que el pago de los $86,291.80 fue uso ilegal de fondos públicos, por lo que condenó a los peticionarios a su rembolso.

En su sentencia, el foro primario razonó que la inexistencia de un reglamento previo a la evaluación, determinación y adjudicación del sueldo del alcalde, no invalida, *ipso facto*, el aumento otorgado al señor Caro Muñiz. Sin embargo, entendió que como tampoco se consideraron los siete criterios contenidos en el Art. 3.012 de la Ley de Municipios Autónomos, supra, el aumento era ilegal. Por último, resolvió que el Municipio de Rincón nunca solicitó una consulta a la O.C.A.M. directamente sobre el alcance del Art. 3.012, supra. Añadió que aunque la interpretación inicial de la O.C.A.M. sobre el Art. 3.012 fue errónea, esa oficina carece de facultad para dispensar *motu proprio* a los municipios del cumplimiento de la ley.

Inconformes con esa determinación, los peticionarios acudieron al Tribunal de Apelaciones. El 17 de diciembre de 2010 ese foro confirmó la sentencia recurrida. Razonó que la Resolución Núm. 20 que aprobó la Asamblea Municipal es nula, ilegal y contraria a derecho, ya que se incumplió con lo dispuesto en el Art. 3.012 de la Ley de Municipios Autónomos, supra. A su vez, añadió que el Informe de Auditoría que emitió la Oficina del Contralor reflejó un déficit presupuestario municipal que la Asamblea Municipal no consideró al momento de conceder el aumento. Por ello,

entendió el Tribunal de Apelaciones que el foro primario concluyó correctamente que procedía la devolución del dinero que se hizo por concepto de ese aumento.

Insatisfechos todavía, los peticionarios acuden ante nos. Señalan que el Tribunal de Apelaciones erró al confirmar la sentencia del Tribunal de Primera Instancia que ordenó el pago de $86,291.80 desembolsados por el Municipio de Rincón. El 16 de junio de 2011 expedimos el auto. Con la comparecencia de ambas partes, procedemos a resolver.

II

La Ley Núm. 36-1995, enmendó gran parte de la Ley de Municipios Autónomos, supra, con la intención de lograr una implantación adecuada de la reforma municipal que respondiera a las necesidades fiscales que la motivaron y contribuyera al desarrollo de administraciones municipales eficientes y efectivas. Véase, Exposición de Motivos de la Ley Núm. 36, supra. Cónsono con esa política pública, el legislador añadió a la Ley de Municipios Autónomos el Art. 3.012 supra. En ese artículo, se delimitaron los criterios a tomarse en consideración para otorgar aumentos de sueldo a los alcaldes.

El artículo expresado dispone que:

> La Legislatura Municipal aprobará, con el voto de dos terceras partes de los miembros del cuerpo, el reglamento que regirá los procedimientos de evaluación, determinación y adjudicación, del sueldo del alcalde.

> Al considerar aumentos de salarios para el alcalde, la Legislatura tomará en consideración,

entre otros, que dicho cuerpo encuentre necesarios, los siguientes criterios:

(1) El presupuesto del municipio y la situación fiscal de los ingresos y gastos reflejados en los informes de auditoría o *single audit*.

(2) La población y el aumento en los servicios a la comunidad.

(3) El cumplimiento con los controles fiscales y administrativos establecidos por O.C.A.M., la Oficina del Contralor y el gobierno federal.

(4) La complejidad de las funciones y responsabilidades del Primer Ejecutivo.

(5) El costo de vida, información que deberá suplir la Junta de Planificación a solicitud de la Legislatura Municipal.

(6) La habilidad de atraer capital y desarrollo económico al respectivo municipio.

(7) Tomar en cuenta los sueldos devengados por los miembros de la Asamblea Legislativa y los Secretarios del Gabinete Constitucional.

Art. 3.012, supra.

En E.L.A. v. Crespo Torres, 180 D.P.R. 776, 788 (2011), señalamos que la intención del legislador al establecer los criterios del Art. 3.012 de la Ley de Municipios Autónomos, supra, fue disponer "unas guías generales para la consideración de las legislaturas municipales al aprobar los aumentos de sueldo de los alcaldes". Fundamentamos nuestra conclusión en que esa interpretación era cónsona "con la entonces recién aprobada reforma municipal, la cual,… tuvo el propósito de conceder mayor autonomía a los municipios". Íd., pág. 789. Explicamos que "puesto que la Ley de Municipios Autónomos establece que su texto se interpretará de manera liberal y en armonía con la buena práctica de la política fiscal, debemos concluir que… la legislatura municipal debe cumplir con los criterios guías

que establece la ley". Íd. Sin embargo, determinamos que a pesar de que las asambleas municipales deben apegarse a los criterios mencionados, estos deben entenderse como unas guías mínimas y no como una lista taxativa. Íd.

De la misma forma, expusimos que aunque la O.C.A.M. es la oficina que "tiene la responsabilidad principal de asesorar y aprobar reglamentación con el propósito de asegurar la aplicación de los procedimientos contables generalmente aceptados, el cumplimiento con las normas de la Oficina del Contralor de Puerto Rico y la corrección de prácticas que constituyen fuente de señalamientos administrativos y contables", sus opiniones, al igual que las del Secretario de Justicia, no tienen carácter vinculante, sino persuasivo para los municipios. E.L.A. v. Crespo Torres, supra, págs. 791-792. Véase, además, E.L.A. v. S.L.G. Negrón-Rodríguez, res. el 27 de enero de 2012, 2012 T.S.P.R. 18, 2011 J.T.S. __, 184 D.P.R. __ (2012). Así las cosas, concluimos que es ilegal la otorgación de un aumento de sueldo sin antes aprobarse un reglamento que rija su evaluación, determinación y adjudicación. E.L.A. v. Crespo Torres, supra, págs. 791-792.

Un análisis de los hechos ante nuestra consideración demuestra que el aumento concedido al señor Caro Muñiz no se ciñó al proceso estatuido en el Art. 3.012 de la Ley de Municipios Autónomos, supra. La Legislatura Municipal de Rincón acató la interpretación errada que ofreció la O.C.A.M. a varios municipios sobre el procedimiento para otorgar aumentos y a base de ella, concedió el del señor

Caro Muñiz. Por ello, nunca otorgó un reglamento antes de conceder el aumento.

Asimismo, en cuanto a la evaluación de los siete criterios contenidos en el Art. 3.012, supra, surge de la Resolución Núm. 20 que la Legislatura Municipal de Rincón tomó en consideración la población y el aumento en los servicios a la comunidad, así como la complejidad de las funciones y responsabilidades del alcalde. Además, la Legislatura Municipal razonó que desde el 1993 hasta el 1997, fecha en que se aprobó el aumento, el salario del alcalde no había sido incrementado, contrario a otros funcionarios públicos a quienes sí se les aumentó su sueldo. También, evaluó el salario del entonces alcalde de Rincón con el de otros primeros ejecutivos municipales. Como vemos, la Legislatura Municipal no consideró: (1) el presupuesto del municipio y la situación fiscal de los ingresos y gastos reflejados en los informes de auditoría o single audit; (2) el cumplimiento con los controles fiscales y administrativos establecidos por O.C.A.M., la Oficina del Contralor y el gobierno federal; (3) el costo de vida, información que deberá suplir la Junta de Planificación a solicitud de la Legislatura Municipal;(4) la habilidad de atraer capital y desarrollo económico al respectivo municipio; ni (5) los sueldos devengados por los miembros de la Asamblea Legislativa y los Secretarios del Gabinete Constitucional.

Por último, en E.L.A. v. Crespo Torres, supra, pág. 790, señalamos que "[e]l art. 3.012, supra, parece otorgar

flexibilidad a la legislatura municipal para evaluar cuáles son los aspectos más importantes en cada municipio y otorga deferencia al juicio que en el pasado ha tenido cada legislatura municipal al cumplir con tan ardua encomienda". Añadimos que aunque "el historial legislativo es claro al señalar que, la legislatura municipal debe otorgar una gran importancia al costo de la vida", "los criterios expuestos en la ley no impiden que la legislatura municipal pueda utilizar otros factores que le ayuden en su evaluación". Íd. En fin, ultimamos que la determinación de si la legislatura municipal cumplió con los criterios para otorgar un aumento "requiere un análisis de razonabilidad". Íd.

Un estudio de los factores que ponderó la Legislatura Municipal de Rincón en la Resolución Núm. 20 de 29 de abril de 1997, a todas luces nos obliga a concluir que su evaluación para conceder el aumento al señor Caro Muñiz fue irrazonable. Como posteriormente señaló la Oficina del Contralor en su informe, la Legislatura Municipal de Rincón no consideró los estados financieros del municipio que reflejaban un atraso de dos años en su preparación y un déficit presupuestario de $34,350 en los fondos operacionales del municipio.

Evaluado el proceso por el que se aumentó el sueldo del señor Caro Muñiz, determinamos que la Legislatura Municipal de Rincón se apartó del Art. 3.012 de la Ley de Municipios Autónomos, supra. La Legislatura Municipal de Rincón acató la interpretación errada de la O.C.A.M. a varios municipios

sobre el procedimiento para otorgar aumentos y a base de ella, concedió el del señor Caro Muñiz. No aprobó un reglamento para regir el procedimiento de evaluación, determinación y adjudicación del sueldo del alcalde. Tampoco tomó en consideración como guías los siete criterios esbozados en el Art. 3.012, supra. Por consiguiente, el aumento de sueldo conferido al señor Caro Muñiz fue ilegal.

III

Nos incumbe ahora determinar si le corresponde al señor Caro Muñiz devolver las sumas de dinero que recibió por concepto del aumento de sueldo indebidamente otorgado. Como en E.L.A. v. Crespo Torres, supra, el pago que se realizó al señor Caro Muñiz fue "en la confianza y con la creencia de que se estaba cumpliendo con una obligación válida". Íd., pág. 793. En otras palabras, la creencia general era que el alcalde tenía derecho a recibir el correspondiente aumento conforme la interpretación inicial que la O.C.A.M. realizó del Art. 3.012, supra. Íd. Sin embargo, en E.L.A. v. Crespo Torres, supra, determinamos que la retribución producto de un aumento concedido a un alcalde sin conformarse al proceso que exige el Art. 3.012 de la Ley de Municipios Autónomos, supra, es ilegal. Se trata, pues, del cobro de lo indebido. Íd., pág. 793.

Como es sabido, el Art. 1795 del Código Civil de Puerto Rico, 31 L.P.R.A. 5121, esboza la doctrina del cobro de lo indebido. En particular, el artículo ordena que "cuando se reciba alguna cosa que no había derecho a cobrar, y por

error ha sido indebidamente entregada, surge la obligación de restituirla". Íd. Hasta el año pasado, nuestro ordenamiento jurídico distinguía entre el error de hecho y el error de derecho para propósitos de la restitución en casos de cobro de lo indebido. Sin embargo, abandonamos esa postura en E.L.A. v. Crespo Torres, supra. Allí, acogimos la norma moderna desarrollada en la jurisdicción española que desde hace más de medio siglo abandonó la distinción entre el error de hecho y el de derecho para propósitos de la restitución. Ahora bien, esta nueva norma, dispusimos, sería aplicada prospectivamente. Por esa razón, no la empleamos en E.L.A. v. Crespo Torres, supra.

Una lectura de los hechos de este caso demuestra que el aumento concedido al señor Caro Muñiz no ocurrió con posterioridad a nuestra decisión en E.L.A. v. Crespo Torres, supra. Por consiguiente, no podemos aplicarle a la causa de epígrafe la nueva norma pautada en el sentido de que procede la restitución de lo que fue ilegalmente pagado, ya sea por error de hecho o de derecho. Así las cosas, evaluemos la controversia ante nos a la luz de la antigua doctrina que sí distinguía entre ambos tipos de errores.

En Sepúlveda v. Depto. de Salud, 145 D.P.R. 560, 565-566 (1998), explicamos que la obligación de restitución que impone el Art. 1795 del Código Civil, supra, no nace de la voluntad contractual, sino más bien cuasicontractual. Reiteramos que para que operara la doctrina, era necesaria la concurrencia de tres requisitos. Estos son que

(1) se produzca un pago con la intención de extinguir una obligación; (2) que el pago realizado no tenga una justa causa, es decir, que no exista obligación jurídica entre el que paga y el que cobra, o si la obligación existe, que sea por una cuantía menor a la pagada y (3) que el pago haya sido hecho por error y no por mera liberalidad o por cualquier otro concepto.

Desde los inicios del desarrollo de esta figura en nuestra jurisdicción, adoptamos la norma de que solo el error de hecho y no el de derecho, daba lugar a la obligación de restituir. Íd., pág. 567. Véase, además, Arandes v. Báez, 20 D.P.R. 388 (1914). Explicamos que el error de derecho consistía en

aquel en el que incurre quien actúa sin ajustarse a lo dispuesto en una norma jurídica vigente. En el contexto del cobro de lo indebido comete error de derecho quien realiza un pago bajo la creencia de que el mismo le es exigible en derecho, bien por desconocimiento de la norma que lo descarga del pago, bien por una interpretación errónea del derecho aplicable.

Sepúlveda v. Depto. de Salud, supra, pág. 568.

Precisamente, en Cartagena v. E.L.A., 116 D.P.R. 254, 257 (1985), resolvimos que una actuación basada en la interpretación errónea de una ley o reglamento constituye un error de derecho. Véase, además, Sepúlveda v. Depto. de Salud, supra, pág. 568, n. 9.

Por el contrario, sobre el error de hecho señalamos en Sepúlveda v. Depto. de Salud, supra, pág. 568, que

se refiere a quien obra a base de unos hechos que no son los verdaderos. También debemos entender que se cometió un error de hecho cuando, aun conociendo los hechos verdaderos, se produce una equivocación meramente formal o de trámite; es decir, cuando se comete lo que popularmente se ha denominado un "error humano".

Al igual que ocurrió en E.L.A. v. Crespo Torres, supra, y en E.L.A. v. S.L.G. Negrón-Rodríguez, supra, al aprobarse el aumento salarial al señor Caro Muñiz, la Legislatura Municipal de Rincón confió en la interpretación que hasta el momento había hecho la O.C.A.M. sobre el procedimiento estatuido en el Art. 3.012, supra. Por consiguiente, "no se trató de un error de trámite de una agencia sino de una interpretación equivocada sobre un artículo de la Ley de Municipios Autónomos". E.L.A. v. Crespo Torres, supra, pág. 797. En otras palabras, "[a]l conceder los aumentos confiando en la interpretación errónea del derecho aplicable brindada por la O.C.A.M., el pago hecho al Sr. [Caro Muñiz] es considerado como un error de derecho". E.L.A. v. S.L.G. Negrón-Rodríguez, supra.

La disidencia se queja de que esta Sentencia envía un mensaje de corrupción que quedará impune. De nuevo, por tercera vez, le aclaramos a la disidencia que su lamento no es producto de nuestros dictámenes, sino de la norma de error de Derecho que regía cuando se otorgaron los aumentos de sueldo que han sido atacados en los casos que han llegado a este Tribunal. Por eso, para evitar que la situación que nos ocupa vuelva a suceder, dejamos esa norma sin efecto de manera prospectiva en E.L.A. v. Crespo Torres, supra. La disidencia se opuso entonces a cambiar la norma jurisprudencial. De haber prevalecido la disidencia, entonces sí que la corrupción de la que se queja hoy, habría quedado impune para siempre.

En vista de que bajo la doctrina antigua sobre cobro de lo indebido que aplicamos a estos hechos no procede la restitución cuando el error es de derecho, el señor Caro Muñiz no tiene que restituir los $86,291.80 que recibió por concepto del aumento de sueldo.

IV

Por los fundamentos antes expuestos se revoca la determinación del Tribunal de Apelaciones que confirmó al Tribunal de Primera Instancia. Aunque el aumento del señor caro Muñiz fue ilegal, no procede la devolución del dinero que recibió, conforme pautamos en E.L.A. v. Crespo Torres, supra.

Lo acordó y ordena el Tribunal, y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emite una opinión disidente a la cual se une la Juez Asociada señora Rodríguez Rodríguez. La Jueza Asociada señora Fiol Matta disiente sin opinión escrita.


                        Larissa Ortiz Modestti
                    Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Estado Libre Asociado de
Puerto Rico

    Recurrido

        v.                           CC-2011-117

Liborio R. Caro Muñiz, *et al.*

    Peticionario

Opinión Disidente emitida por el Juez Presidente señor HERNÁNDEZ DENTON a la cual se une la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ.

En San Juan, Puerto Rico, a 3 de abril de 2012.

Por tercera vez, una mayoría de este Tribunal insiste en una interpretación que deja en los bolsillos de un ex alcalde los beneficios de un aumento salarial ilegal, en detrimento del buen manejo de los fondos públicos. Nuevamente, por entender que la inexistencia del reglamento exigido por el Art. 3.012 de la Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4112, impedía la aprobación del aumento de sueldo en controversia y que toda interpretación ulterior hecha por el Tribunal sobre la doctrina de error de derecho era innecesaria, nos vemos obligados a disentir.

I.

El 29 de abril de 1997, la Legislatura Municipal de Rincón aprobó la Resolución Núm. 20, Serie 1996-

97, para aumentar el salario del entonces Alcalde, Hon. Liborio R. Caro Muñiz, por la suma de $1,600 mensuales. **Al momento de aprobar este aumento, el Municipio de Rincón no contaba con un reglamento que regulara dicho proceso.**

Posteriormente, la Oficina del Contralor emitió el Informe de Auditoría Núm. M-01-10 sobre las operaciones fiscales de dicho Municipio. Concluyó que la Legislatura Municipal de Rincón aprobó el referido aumento de salario sin observar las exigencias del Art. 3.012 de la Ley de Municipios Autónomos, *supra.* En particular, encontró que la Legislatura Municipal otorgó el aumento sin tener un reglamento para regir el procedimiento de evaluación, determinación y adjudicación de sueldo. Asimismo, determinó que **la Legislatura Municipal tampoco consideró los estados financieros del Municipio, que para la fecha de aprobarse el aumento reflejaban un atraso de dos años en su preparación** y un **déficit presupuestario** en los fondos operacionales. Además, la Legislatura Municipal no evidenció haber considerado los siete requisitos que dispone el referido artículo para aprobar aumentos salariales a los alcaldes. **Ni siquiera solicitó la información relacionada con dichos criterios.**

Consecuentemente, el Estado Libre Asociado de Puerto Rico (E.L.A.) presentó una demanda contra el señor Caro Muñiz, su esposa, la Sra. Sonia Rita Caro Caro y la sociedad legal de gananciales habida entre ellos. Solicitó que se decretara nula, ilegal y contraria a derecho la concesión del aumento de sueldo en controversia. Por consiguiente, peticionó que se

declarara que el referido aumento constituyó un pago indebido e ilegal de fondos públicos y se ordenara la devolución de la cantidad cobrada: **$86,291.80**. Asimismo, solicitó que se impusiera a los demandados el pago de intereses, gastos, costas y honorarios de abogado.

El Tribunal de Primera Instancia declaró con lugar la demanda. Inconformes, los demandados acudieron ante el Tribunal de Apelaciones, el cual confirmó al foro primario. Todavía insatisfechos, los demandados acudieron ante nos.

**Una mayoría de este Tribunal revoca a los foros inferiores y concluye que, aunque el aumento del señor Caro Muñiz fue ilegal, no procede la devolución del dinero que recibió.** No estamos de acuerdo.

II.

El Art. 3.012 de la Ley de Municipios Autónomos, *supra,* dispone lo siguiente:

> **La Legislatura Municipal aprobará, con el voto de dos terceras partes de los miembros del cuerpo, el reglamento que regirá los procedimientos de evaluación, determinación, y adjudicación, del sueldo del Alcalde.**

> Al considerar aumentos de salarios para el alcalde, la Legislatura **tomará en consideración**, entre otros, que dicho cuerpo encuentre necesarios, los siguientes criterios:

> **1. El presupuesto del municipio y la situación fiscal de los ingresos y gastos reflejados en los informes de auditoría o *single audit.***

> 2. La población y el aumento en los servicios a la comunidad.

> 3. El cumplimiento con los controles fiscales y administrativos establecidos por O.C.A.M., la Oficina del Contralor y el gobierno federal.

> 4. La complejidad de las funciones y responsabilidades del Primer Ejecutivo.

5. El costo de vida, información que deberá suplir la Junta de Planificación a solicitud de la Legislatura Municipal.

6. La habilidad de atraer capital y desarrollo económico al respectivo Municipio.

7. Tomar en cuenta los sueldos devengados por los miembros de la Asamblea Legislativa y los Secretarios del Gabinete Constitucional. *Íd.* (Énfasis suplido).

Como puede apreciarse, el Art. 3.012 antes citado impone dos requisitos a la legislatura municipal para poder aprobar cualquier aumento de salario a un alcalde: (1) **aprobar un reglamento que regule dicho proceso** y (2) tomar en consideración, como mínimo, los siete criterios enumerados, al momento de aprobar el aumento. Por consiguiente, cualquier aumento salarial contrario a la obligación expresa que este artículo impone a la legislatura municipal es ilegal, por provenir de una actuación *ultra vires*.

Como hemos señalado anteriormente, este artículo se incluyó en la Ley de Municipios Autónomos, mediante la aprobación de la Ley Núm. 36 de 13 de abril de 1995. 1995 Leyes de Puerto Rico 194. Al respecto, el Informe de la Comisión de Asuntos Municipales del 26 de agosto de 1993 sobre el Informe Sustitutivo del P. de la C. 627, 12ma Asamblea Legislativa, 2da Sesión Ordinaria, que luego se convirtió en la Ley Núm. 36 de 1995, *supra*, expresó que el texto propuesto sobre el Art. 3.012 buscaba que la legislatura municipal tuviera unas guías para establecer un salario justo de acuerdo a las circunstancias económicas de los municipios y las capacidades del alcalde. *Íd.*, págs. 7-9. En particular, expresó:

La disparidad en los sueldos de los Alcaldes responde a la falta de guías y criterios uniformes que puedan aplicarse por la Asamblea Municipal para determinar el aumento de salario del Primer Ejecutivo. La importancia de las disposiciones que se introducen en la medida sustitutiva permiten que la Asamblea Municipal **evalúe la capacidad fiscal del municipio para compensar adecuadamente al Alcalde tomando en consideración el presupuesto, la población, la complejidad de las funciones, las responsabilidades del Primer Ejecutivo y el costo de vida**. Este último, es un dato indispensable que deberá suplir la Junta de Planificación a las Asambleas. Íd., pág. 9. (Énfasis suplido).

### III.

En este caso, la Resolución que dio lugar al aumento en cuestión se aprobó sin que existiera un reglamento para regir el procedimiento de evaluación, determinación y adjudicación de sueldo. Asimismo, la Legislatura Municipal no presentó evidencia de que consideró los siete requisitos que dispone el referido artículo para aprobar aumentos salariales a los alcaldes. Incluso, la Oficina del Contralor encontró que la Legislatura Municipal tampoco consideró los estados financieros del Municipio, que para la fecha de aprobarse el aumento reflejaban un atraso de dos años en su preparación y un déficit presupuestario en fondos operacionales. Ante este cuadro fáctico, una mayoría de este Tribunal resuelve que el aumento salarial concedido al señor Caro Muñiz fue ilegal e irrazonable.

Sin embargo, tal y como ocurrió en E.L.A. v. Crespo Torres, 180 D.P.R. 776 (2011), y en E.L.A. v. S.L.G. Negrón-Rodríguez, res. el 27 de enero de 2012, 2012 T.S.P.R. 18, 184 D.P.R. __ (2012) (Sentencia), una mayoría de este Tribunal resuelve que la doctrina de error de derecho vigente al momento de aprobarse el aumento de salario en cuestión no conllevaba la

restitución del dinero cobrado indebidamente. De esta manera, una mayoría de este Tribunal impide la devolución de los pagos ilegales.

Nos vemos obligados a disentir, por las mismas razones expresadas en E.L.A. v. Crespo Torres, *supra,* y reiteradas en E.L.A. v. S.L.G. Negrón-Rodríguez, *supra*. Como expusimos anteriormente, existe una disposición clara y precisa sobre el procedimiento que el Municipio de Rincón debió seguir para aumentar el salario del entonces Alcalde. En específico, el citado Art. 3.012 de la Ley de Municipios Autónomos, *supra,* exige, entre otras cosas, la existencia de un reglamento que rija el procedimiento de evaluación, determinación y adjudicación de sueldo de un Alcalde. **La Legislatura Municipal de Rincón aprobó el aumento de sueldo al señor Caro Muñiz sin contar con un reglamento para ello.** Por ende, entendemos que este Alto Foro debió resolver, sin más, que el aumento salarial concedido al señor Caro Muñiz era inválido y que procedía la restitución de los fondos públicos cobrados ilegalmente. **Así pues, al igual que en E.L.A. v. Crespo Torres, *supra,* la doctrina de error de derecho no aplica al caso de autos.**

En E.L.A. v. Crespo Torres, *supra,* págs. 800-805, expresamos nuestra preocupación sobre la ambigüedad de la norma pautada por la posición mayoritaria, debido a que actualmente existen múltiples casos sobre esta controversia ante los tribunales del país. En específico, nos preguntamos: "¿Podrán alegar con éxito esos otros alcaldes que también fueron víctimas de una confusión genuina o un error de

Derecho?". Íd., pág. 804. El ex alcalde de Villalba, Hon. Bernardo Negrón Montalvo, ya lo logró, por lo que no tuvo que restituir al erario público $53,200 que recibió ilegalmente. E.L.A. v. S.L.G. Negrón-Rodríguez, *supra*. También lo logró el señor Caro Muñiz quien no tuvo que devolver los $86,291.80 que disfrutó mediante su aumento de sueldo aprobado ilegalmente. Nos preguntamos una vez más: ¿Cuántos otros pagos realizados en abierta violación de la ley no tendrán que ser restituidos bajo la protección del análisis jurídico de este Tribunal? En efecto, el mensaje que en última instancia comunica este Tribunal es que este tipo de acto claramente ilegal y que es uno de corrupción de las maltrechas arcas municipales quedará impune. Por tercera vez, una mayoría de este Tribunal permite que un ex alcalde disfrute del dinero recibido mediante un aumento de sueldo claramente ilegal por haber sido aprobado por una legislatura municipal que ignoró las exigencias de la ley, que no consideró que los estados financieros del Municipio reflejaban un déficit presupuestario y sin ni siquiera solicitar información sobre los siete factores que la ley exige considerar para aumentar el salario a los alcaldes.

                              Federico Hernández Denton
                              Juez Presidente